IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06 CV 176-MU

| | |
|---|---|
| NOLAN CORPENING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL ) | |
| ET AL., ) | |
| ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. For reasons given below, the Defendants' Motion for Summary Judgment is GRANTED.

**BACKGROUND**

Plaintiff Nolan Corpening charged his employer, the United States Postal Service, with violating Title VII of the Civil Rights Act of 1964. The complaint has two counts based on adverse employment actions against him: Count I, Placed on Emergency Placement in Off-Duty status; and Count II, 7-day and 14-day suspensions. Mr. Corpening alleges the above adverse employment actions were the result of race-based and disability-based discrimination. All three adverse employment actions were either rescinded or expunged prior to Mr. Corpening filing this complaint.

Mr. Corpening was also "removed" from his service with the post office. By way of arbitration, Mr. Corpening was reinstated to his position, and his removal was changed to a 30-

day suspension. He did not however include his removal or his 30-day suspension in either of the counts in his complaint.

**STANDARD**

When a court rules on a motion to dismiss, all well-pleaded allegations are accepted as true, and reasonable inferences are drawn in favor of the plaintiff. *Edwards v. Coty of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). When the allegations in a complaint do not "raise a claim of entitlement to relief," the court will dismiss the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Although a court must liberally construe *pro se* complaints, a court is not obliged to "conjure up questions never squarely presented" or "construct full blown claims from sentence fragments." *Baudette v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Under Fed. R. Civ. P. 12(d), a court can look to matters outside the pleadings and thereby convert a motion to dismiss into a motion for summary judgment. Summary judgment is appropriate if the discovery on file and the pleadings show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *EEOC v. Warfield-Rohr Casket Co., Inc.*, 364 F.3d 160, 163 (4th Cir. 2004) (quoting Fed. R. Civ. P. 56(c)).

**DISCUSSION**

Defendants' Motion for Judgment is granted because the Plaintiff has not suffered an adverse employment action and therefore fails to state a prima facie case of employment discrimination.

To state a prima facie case of race or disability discrimination a plaintiff must suffer an adverse employment action. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 218 (4th Cir. 2005). An employment action is no longer adverse if it has been expunged or rescinded. *See Brown v. Potter*, 2008 WL 4091005, at *10 (N.D. Ill., Aug. 28, 2008) (holding that a letter of discipline is not adverse employment action after it is expunged).

Mr. Corpening fails to state a prima facie case since he has not suffered an adverse employment action. Like *Brown*, both of his counts are based on employment actions—a 7-day suspension, a 14-day suspension, and an Emergency Placement in Off-Duty status—that have been expunged or rescinded; the actions are therefore no longer adverse.

For the reasons given above, the Defendants' Motion for Summary Judgment is hereby GRANTED.

Signed: October 21, 2009

Graham C. Mullen
United States District Judge